UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
IDA MAYER,

                 Plaintiff,

       -against-

JOINT INDUSTRY BOARD OF THE
ELECTRICAL INDUSTRY, and
JOHN E. MARCHELL, as Treasurer
of the JOINT INDUSTRY BOARD
OF THE ELECTRICAL INDUSTRY,

                Defendants.
----------------------------------X

**FILED**
**CLERK**

12/30/2015 12:22 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

MEMORANDUM & ORDER
15-CV-1460(JS)(ARL)

APPEARANCES
For Plaintiff:      Scott Lockwood, Esq.
                  1476 Deer Park Avenue, Suite 3
                  North Babylon, NY 11703

For Defendants:    Peter D. DeChiara, Esq.
                  Tzvi N. Mackson, Esq.
                  Cohen Weiss Simon LLP
                  330 West 42nd Street
                  New York, NY 10036

SEYBERT, District Judge:

         Plaintiff Ida Mayer ("Plaintiff") commenced this action
alleging violations of the Employee Retirement Income Security Act
of 1974 ("ERISA"), 29 U.S.C. § 1001, et. seq. (Compl., Docket
Entry 1.[1]) Presently pending before the Court is defendants Joint
Industry Board of the Electrical Industry and John E. Marchell's
(collectively, "Defendants") motion to dismiss pursuant to Rule

---

[1] The Complaint can be found at Exhibit A to the Notice of
Removal. (See Docket Entry 1, at 7-10.)

12(b).[2]  (Defs.' Mot., Docket Entry 5.)  For the following reasons,
Defendants' Motion is GRANTED IN PART and DENIED IN PART.

<u>BACKGROUND</u>[3]

I.  <u>Factual Background</u>

Plaintiff is the spouse of Robert Mayer, a member of
Local Union Number 3.  (Compl. ¶¶ 5-6.)  During 2013 and 2014,
defendant Joint Industry Board of the Electrical Industry
("JIBEI") was appointed to administer the employee welfare benefit
plan (the "Plan") for Local Union Number 3 employees and eligible
family members.  (Compl. ¶ 7.)  Defendant John E. Marchell
("Marchell") is the treasurer of JIBEI.  (Compl. ¶ 3.)

Mr. Mayer was a participant in the Plan, and Plaintiff
and the Mayers' two minor children were eligible dependents under
the Plan during 2013 and 2014.  (Compl. ¶¶ 8-10.)  The Plan was an
"'employee welfare benefit plan' within the meaning of 29 USC
1002(1)."  (Compl. ¶ 12.)  The Plan also included "a group health
plan within the meaning of 29 USC 1161(a)."  (Compl. ¶ 13.)
Additionally, JIBEI constituted "a plan sponsor within the meaning
of 29 USC 1161(a)."  (Compl. ¶ 14.)

---

[2] Defendants' Notice of Motion does not specify the subsection of
Rule 12(b) that they rely upon.  (Def.'s Mot.)  The Court
construes Defendants' motion as seeking dismissal of the
Complaint pursuant to Rule 12(b)(6).

[3] The following facts are taken from Plaintiff's Complaint and
are presumed to be true for the purposes of this Memorandum and
Order.

On or about March 25, 2014, JIBEI terminated Plaintiff and her children's participation in the Plan. (Compl. ¶ 15.) On or about May 29, 2014, JIBEI sent Plaintiff a statutory notice of termination pursuant to 29 U.S.C. § 1166. (Compl. ¶ 16.) From March 25, 2014 until May 29, 2014, Plaintiff incurred medical expenses on behalf of herself and her children that totaled $4,361.00; JIBEI has refused to reimburse Plaintiff for these expenses. (Compl. ¶¶ 17-19.)

II. The Complaint

Plaintiff initially commenced this action in the County Court of the State of New York, County of Suffolk. (Not. of Removal, Docket Entry 1.) Plaintiff's action was removed to this Court pursuant to Defendants' Notice of Removal dated March 19, 2015, which states that the Complaint asserts claims pursuant to ERISA. (Not. of Removal.) The Complaint sets forth three causes of action: (1) a cause of action alleging that JIBEI is liable for its failure to reimburse Plaintiff for medical expenses incurred between March 25, 2014 and May 29, 2014 (Compl. ¶¶ 17-22); (2) a cause of action alleging that JIBEI is liable for statutory damages pursuant to 29 U.S.C. § 1132(c)(1)(A) based on its failure to comply with the notification requirements set forth in 29 U.S.C. § 1166(a)(4 (Compl. ¶¶ 23-24); and (3) a cause of action for attorney's fees pursuant to 29 U.S.C. § 1132(g)(1) (Compl. ¶¶ 25-26). The Complaint's sole allegation against Marchell is that he

is the treasurer of JIBEI and is being named in his representative capacity.  (See generally Compl.)

III. Defendants' Motion to Dismiss

On March 25, 2015, Defendants filed a motion to dismiss the Complaint.  (Defs.' Mot.)  Defendants argue that Plaintiff's first claim should be dismissed based on the absence of any allegations that Plaintiff pursued the Plan's appeal procedure or that doing so would be futile.  (Defs.' Br., Docket Entry 5-1, at 3.)  Defendants further allege that Plaintiff's second cause of action fails to state a claim for a violation of COBRA's[4] notice obligations.  (Defs.' Br. at 4.)  Specifically, the Complaint does not assert that Mr. Mayer experienced a "qualifying event" or that JIBEI was obligated to send a COBRA notice to Plaintiff.  (Defs.' Br. at 4.)

Defendants also aver that the Complaint fails to state a claim against Marchell because Plaintiff's two substantive causes of action are only asserted against JIBEI and the Complaint does not contain any allegations of wrongdoing by Marchell.

---

[4] "COBRA" is an abbreviation for the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. §§ 1161-1168, a series of amendments to ERISA that seek to "allow[ ] individuals who had employment-related group health care insurance to continue receiving health care coverage after the occurrence of a 'qualifying event,' such as the termination of the covered employee's employment or the divorce from the covered employee." Phillips v. Saratoga Harness Racing, Inc., 233 F. Supp. 2d 361, 362, 364-65 (N.D.N.Y. 2002).

(Defs.' Br. at 5.)[5]  Defendants also aver that Plaintiff's first claim could not seek recovery against the individual members of JIBEI, citing <u>Jass v. Prudential Health Care Plank, Inc.</u>, 88 F.3d 1482, 1490 (7th Cir. 1996), for the proposition that "'ERISA permits suits to recover benefits only against the Plan as an entity.'"  (Defs.' Reply Br., Docket Entry 7, at 6 (quoting <u>Jass</u>, 88 F.3d at 1490).)

Defendants annex a portion of the summary description of the Plan dated May 9, 2013 (the "Plan Description")[6] in support of their motion to dismiss.  (<u>See</u> Plan Description.)  The Summary Plan Description indicates, in relevant part, that "[t]he Plan will make the determination that a qualifying event involving a reduction in the employee's hours, termination of employment or death has occurred."  (Plan Description at 10.)  The Summary Plan Description also contains the appeals procedure for denials of claims, which requires that contested denials first be appealed to JIBEI.  (Plan Description at 12.)

---

[5] Although Defendants' Brief argues that the Complaint should be dismissed against Marchell based on insufficient service, Defendants retracted that argument on reply, stating that "[i]n light of the affidavit of service filed by Plaintiff, which Plaintiff had not filed before the motion to dismiss, <u>see</u> Docket Entry 6-2, Defendants no longer contest the adequacy of service upon Marchell."  (Defs.' Reply Br., Docket Entry 7, at 7 n.4.)

[6] The Plan Description is attached to Defendants' Brief as Exhibit A at 8-12.  For ease of reference, the Court will use the page numbers generated by the Electronic Case Filing System.

Plaintiff opposes Defendants' motion, arguing that the failure to exhaust administrative remedies regarding an ERISA claim is an affirmative defense that does not implicate subject matter jurisdiction and "Defendants' position that Plaintiff should be required to plead facts relating to the affirmative defense of the Defendants is not the law." (Pl.'s Br., Docket Entry 6-1, at 2.) (citations omitted). Plaintiff also alleges that the second claim states a cause of action for a violation of COBRA's notice requirements because the Plan is a "plan" within the meaning of ERISA, Defendants terminated coverage, and Defendants sent an untimely COBRA notice as the termination occurred on March 25, 2014 and the notice was not sent until May 29, 2014. (Pl.'s Br. at 3.) With respect to Marchell, Plaintiff maintains that Marchell was properly named a defendant in his representative capacity based on JIEBI's status as an unincorporated association, citing New York State law that allegedly provides that an action may be filed against a "treasurer of an unincorporated association on behalf of the association in accordance with the provisions of the general associations law." (Pl.'s Br. at 5 (citing N.Y. CPLR § 1025; N.Y. Gen. Ass'ns Law § 13 (McKinney's 2015).)

Plaintiff's opposition annexes an Amended Complaint dated April 8, 2015 as an exhibit. (Am. Compl.[7], Pl.'s Decl., Ex. C, Docket Entry 6-4.) Plaintiff alleges that the Amended Complaint was "included . . . pursuant to and within the applicable time frame set forth under F.R.C.P. Rule 15." (Pl.'s Br. at 3.) A review of the docket indicates that Plaintiff has not filed the Amended Complaint as a separate entry, nor has she moved for leave to amend the Complaint.

The Amended Complaint asserts the following additional factual allegations: (1) Mr. Mayer disappeared on June 14, 2013 and has not been seen since that date; (2) Mr. Mayer's medical and dental benefits had fully vested at the time of his disappearance and Plaintiff and her children were entitled to maintain their full medical and dental benefits; (3) Defendants were informed of Mr. Mayer's disappearance; (4) Plaintiff had not received any notification of the termination of health benefits prior to March 25, 2014; (5) Defendants appeared to have determined that a "qualifying event" had occurred and "[f]rom the facts it would most likely have been a reduction of hours under 29 U.S.C. 1163, since Robert Mayer never returned to work following his June 14 disappearance." (Am. Compl. ¶¶ 15-20.)

---

[7] Plaintiff's Amended Complaint is attached to Plaintiff's Declaration as Exhibit C, Docket Entry 6-4.

Defendants construe Plaintiff's inclusion of the Amended Complaint as a request for leave to file an amended complaint. (Defs.' Reply Br. at 7.) Defendants argue that such request should be denied based on Plaintiff's failure to file a motion for leave to amend and the prematurity of Plaintiff's request "since the parties do not yet know how the Court will rule on Defendants' pending motion to dismiss her current complaint." (Defs.' Reply Br. at 7.) Additionally, Defendants argue that New York's General Association Law only permits suit against an unincorporated association's treasurer if the suit is one that may be maintained against all the associates; thus, "[b]ecause the Plan specifically designates the Joint Board--and not the individuals who compose [sic] the Joint Board--as administrator, Plaintiff's claim is only against the Joint Board and not against 'all the associates' within the meaning of General Association Law § 13." (Defs.' Reply Br. at 5-6.)

DISCUSSION

To withstand a motion to dismiss, a complaint must contain factual allegations that are sufficient to state a facially "plausible" claim to relief. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). This plausibility standard is not a "probability requirement" and requires "more than a sheer

8

possibility that a defendant has acted unlawfully." Id. (internal quotations and citations omitted). To that regard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 679 (citation omitted). However, the Court "must accept the factual allegations in the complaint as true" in ruling on a motion to dismiss pursuant to Rule 12(b)(6). Guelen v. Distinctive Personnel, Inc., No. 01-CV-1204, 2011 WL 3420852, at *2 (E.D.N.Y. Aug. 4, 2011) (citation omitted). The Court's plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (internal quotation marks and citation omitted).

Generally, the Court's consideration of a Rule 12(b)(6) motion to dismiss is "limited to consideration of the Complaint itself." Dechberry v. N.Y. City Fire Dep't, No. 14-CV-2130, 2015 WL 4878460, at *1 (E.D.N.Y. Aug. 14, 2015) (internal quotation marks and citation omitted). However, "[a] complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (internal quotation marks and citations omitted.) See also FED.

R. Civ. P. Rule 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.")

As set forth above, the Complaint asserts claims in connection with Defendants' termination of Plaintiff and her children's benefits under the Plan and alleged refusal to reimburse Plaintiff for certain medical expenses. (See generally Compl.) In light of the substance of Plaintiff's claims, the Court finds that the portions of the Plan Description annexed as an exhibit to Defendants' opposition are integral to the Complaint and will, accordingly, be considered in connection with Defendants' motion to dismiss. (See Plan Description.)

I. Plaintiff's Amended Complaint

As previously noted, Plaintiff annexed an Amended Complaint to her opposition to Defendants' motion, which was filed on April 8, 2015. (See Amended Compl.) The docket indicates that Plaintiff did not file the Amended Complaint as a separate entry and she did not file a motion for leave to amend the Complaint.

Federal Rule of Civil Procedure 15 provides, in relevant part, that a pleading may be amended as a matter of course within twenty-one days after the service of a motion pursuant to Rule 12(b) "if the pleading is one to which a responsive pleading is required." Fed. R. Civ. P. 15(a)(1)(B). The Court notes that the Amended Complaint technically was not "filed" as Plaintiff failed to file it as a separate entry on the docket. Nevertheless, the

Court will consider the Amended Complaint because it was filed as an exhibit within twenty-one days of the filing of Defendants' motion to dismiss.

## II. ERISA's Exhaustion Requirement

While ERISA does not contain a statutory exhaustion requirement, the Second Circuit has "recognized a 'firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases.'" Egan v. Marsh & McLennan Cos., Inc., No. 07-CV-7134, 2008 WL 245511, at *10 (S.D.N.Y. Jan. 30, 2008) (quoting Paese v. Hartford Life and Acc. Ins. Co., 449 F.3d 435, 443 (2d Cir. 2006)). The ERISA exhaustion requirement seeks to reduce the filing of frivolous lawsuits, promote consistency in the treatment of benefit claims, provide a non-adversarial method of settling claims, and reduce the cost of settling claims for all parties involved. Merkent v. SI Bank & Trust Spring 2004 Severance Benefit Plan, No. 05-CV-2449, 2006 WL 898086, at *2 (E.D.N.Y. Apr. 5, 2006).

In Paese, the Second Circuit held that the failure to exhaust administrative remedies in connection with a claim pursuant to ERISA Section 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)) is an affirmative defense, not a jurisdictional requirement. Paese, 449 F.3d at 438, 446. However, Courts addressing this issue subsequent to Paese have held that Paese does not obviate the requirement that a plaintiff asserting ERISA claims exhaust her

administrative remedies. <u>Kesselman v. The Rawlings Co., LLC</u>, 668 F. Supp. 2d 604, 608-609 (S.D.N.Y. 2009) (dismissing plaintiff's ERISA claim where he failed to adduce any facts from which the court could infer that exhaustion of administrative remedies would be futile). <u>Accord</u> <u>Egan</u>, 2008 WL 245511, at *10 (dismissing plaintiff's ERISA claims where he "ma[de] no allegations whatsoever that he exhausted any or all administrative remedies available to him under the [subject plan]. . .."). Indeed, a plaintiff's failure to exhaust administrative remedies constitutes a ground for dismissal or summary judgment with respect to an ERISA claim. <u>Marmol v. Div. 1181 A.T.U. - N.Y. Employees Pension Fund & Plan</u>, No. 12-CV-1861, 2012 WL 3238113, at *4 (E.D.N.Y. Aug. 7, 2012).

Preliminarily, the Court notes that Plaintiff has not specified the branch of ERISA that she relies upon with respect to her first cause of action. (<u>See</u> <u>generally</u> Compl.; Am. Compl.; Pl.'s Br.) As Plaintiff's first cause of action essentially alleges that she has been damaged as a result of Defendants' refusal to reimburse her for medical expenses, the Court construes Plaintiff's claim to assert a violation of 29 U.S.C. § 1132(a)(1)(B). <u>See</u> 29 U.S.C. § 1132(a)(1)(B) ("A civil action may be brought--(1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce

his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.").

Both the Complaint and the Amended Complaint are silent with respect to whether Plaintiff exhausted (or even pursued) administrative remedies prior to filing suit. (See generally Compl.; Am. Compl.) Curiously, Plaintiff's opposition does not allege that she exhausted administrative remedies and instead appears to argue that Plaintiff is under no obligation to "plead facts relating to the affirmative defense of the Defendants." (Pl.'s Br. at 2.) However, as set forth above, the courts of this Circuit have dismissed ERISA claims that are bereft of any allegations with respect to the exhaustion of administrative remedies. See, e.g., Kesselman, 668 F. Supp. 2d at 608-609; Egan, 2008 WL 245511, at *10; Marmol, 2012 WL 3238113, at *4. This Court reaches the same result, particularly in light of the two-step appeals process for denials of claims set forth in the Plan Summary Description. (Plan Description at 12.)

Accordingly, the branch of Defendants' motion seeking dismissal of the first cause of action is GRANTED. Plaintiff's first cause of action is DISMISSED WITHOUT PREJUDICE and with leave to replead. See Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999) ("When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint.") (citation omitted).

II. <u>COBRA Notice Requirements</u>

COBRA requires that "[t]he plan sponsor of each group health plan shall provide . . . that each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event is entitled, under the plan, to elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161(a). COBRA places a notice obligation on the employee as well as the employer when coverage is terminated due to the occurrence of a "qualifying event." <u>Phillips v. Saratoga Harness Racing, Inc.</u>, 240 F.3d 174, 178 (2d Cir. 2001). The employee or qualified beneficiary is required to notify the employer of the occurrence of a qualifying event within sixty (60) days after the event. <u>Id.</u> (citing 29 U.S.C. § 1166(a)(3)). Where the qualifying event is the employee's termination or reduction of hours, the employer must notify the administrator of that qualifying event within thirty (30) days of the event or, for multiemployer plans, within "such longer period of time as may be provided in the terms of the plan."[8]  29 U.S.C. § 1166(a)(2).

Additionally, the plan administrator is required to notify any qualified beneficiary of the beneficiary's rights under

---

[8] However, the requirements of Section 1166(a)(2) are considered satisfied for multiemployer plans in connection with a qualifying event of the employee's termination or reduction of hours "if the plan provides that the determination of the occurrence of such qualifying event will be made by the plan administrator."  29 U.S.C. § 1166(b).

COBRA "within 14 days (or, in the case of a group health plan which is a multiemployer plan, such longer period of time as may be provided in the terms of the plan)" of the date that the administrator is notified by the employer, employee, or qualified beneficiary. 29 U.S.C. § 1166(c). An administrator that fails to comply with COBRA's notice requirements "may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper." 29 U.S.C. § 1132(c)(1)(A). See also Lane v. Compass Grp. USA, Inc., No. 02-CV-0579, 2005 WL 2710165, at *6 (D. Conn. Oct. 21, 2005) (noting that "providing timely, appropriate notice of COBRA continuation coverage is a key requirement under COBRA.") ERISA penalties were increased to $110 per day under the Federal Civil Penalties Adjustment Act of 1990, as amended by the Debt Collection Improvement Act of 1996. De Nicola v. Adelphi Acad., No. 05-CV-4231, 2006 WL 2844384, at *7 (E.D.N.Y. Sept. 29, 2006) (citing 29 C.F.R. 2575.502c-1).

The Court finds that the Amended Complaint states a claim under 29 U.S.C. § 1132(c)(1)(A) for a violation of COBRA's statutory notice requirements. The Amended Complaint alleges that Mr. Mayer disappeared on June 14, 2013 and that "Defendants were fully informed about Mr. Mayer's disappearance and had knowledge of this occurrence." (Am. Compl. ¶¶ 15, 17.) The Amended

Complaint further alleges that "apparently, the Defendants made a determination that a qualifying event had occurred at some point . . . it would most likely have been a reduction of hours under 29 U.S.C. 1163, since Robert Mayer never returned to work following his June 14 disappearance." (Am. Compl. ¶ 20.) Accepting the factual allegations in the Amended Complaint as true, it is certainly plausible that Defendants were notified of Mr. Mayer's disappearance and determined that Mr. Mayer's failure to return to work was a termination or reduction of hours and, accordingly, a "qualifying event" as set forth in 29 U.S.C. § 1163(2).

Defendants' argument that the Complaint does not contain "facts showing that notice of the occurrence of a 'qualifying event' was provided to [JIBEI] either by [Mr. Mayer's] employer or by any beneficiary pursuant to 29 U.S.C. § 1166(a)(2)-(3)" has been rendered moot based on the additional allegations in the Amended Complaint. (Defs.' Br. at 4.) Further, to the extent that Defendants argue that the "complaint fails to allege that [Mr. Mayer's] employer ever terminated him or reduced his hours, or that the Plan ever determined that it had," the Amended Complaint similarly remedies that alleged defect. (Defs. Br. at 4 n.4.)

Accordingly, the branch of Defendants' motion seeking the dismissal of Plaintiff's second cause of action is DENIED. The Court declines to stay proceedings on Plaintiff's second claim

pending "Plaintiff's exhaustion of the Plan's internal appeals
procedures regarding the First Cause of Action." (Defs. Reply Br.
at 5.)

III. <u>Marchell</u>

Disagreement exists among the courts in this Circuit and
other Circuits with respect to the proper defendants in an ERISA
action for denial of benefits. <u>Del Greco v. CVS Corp.</u>, 354 F.
Supp. 2d 381, 384 (S.D.N.Y. Jan. 21, 2005), <u>aff'd</u>, 164 F. App'x 75
(2d Cir. 2006) (collecting cases). The Second Circuit has held
that "[i]n a recovery of benefits claim, only the plan and the
administrators and trustees of the plan in their capacity as such
may be held liable." <u>Leonelli v. Pennwalt Corp.</u>, 887 F.2d 1195,
1199 (2d Cir. 1989). <u>See</u> <u>Gill v. ACACIA Network</u>, No. 13-CV-9088,
2015 WL 1254774, at *6 (S.D.N.Y. Mar. 18, 2015) (dismissing
plaintiff's ERISA claims for failure to pay benefits against
individual defendants where "plaintiffs have not alleged facts
regarding any individual defendant's actions 'in relation to an
employee benefit plan,' as an administrator or otherwise"); <u>Hills
v. Praxair</u>, No. 11-CV-0678, 2012 WL 1935207, at *18 (W.D.N.Y. May
29, 2012) (Holding that Aetna was the administrator of the subject
disability insurance plan and "[p]laintiff's claims against other
individual defendants that fall under ERISA will therefore be
dismissed."). ERISA defines an "administrator" as: (i) "the person
specifically so designated by the terms of the instrument under

which the plan is operated"; (ii) in the event that an administrator is not designated, the plan sponsor; or (iii) where an administrator is not designated and a plan sponsor is unable to be identified, "such other person as the Secretary may by regulation prescribe." 29 U.S.C. § 1002(16)(A).

However, courts in this Circuit have also held that an insurer may be sued as a plan administrator regarding an ERISA Section 502(a)(1)(B) claim "insofar as any of the insurance company defendants . . . actually controlled the distribution of funds and decided whether or not to grant benefits under one of the plans." Am. Med. Ass'n v. United Healthcare Corp., No. 00-CV-0280, 2002 WL 31413668, at *6 (S.D.N.Y. Oct. 23, 2002). See also Sheehan v. Metro. Life Ins. Co., No. 01-CV-9182, 2002 WL 1424592, at *2 (Jun. 28, 2002) ("If an insurance company controls the distribution of funds and decides whether or not to grant benefits under an employee benefit plan, then it can be sued as a plan administrator."). But see Staten Island Chiropractic Assoc., PLLC v. Aetna, Inc., No. 09-CV-2276, 2012 WL 832252, at *5 (E.D.N.Y. Mar. 12, 2012) (holding that the "more persuasive" view is that "an insurer to an ERISA plan is generally not a proper defendant in a recovery of benefits claim unless it meets the statutory definition of administrator under the Act.") (internal quotation marks and citations omitted). Similarly, the Second Circuit recently held that a claims administrator is an appropriate

defendant in an ERISA action for recovery of benefits "where the claims administrator has sole and absolute discretion to deny benefits and makes final and binding decisions as to appeals of those denials, [and] the claims administrator exercises total control over claims for benefits."  N.Y. State Psychiatric Ass'n v. UnitedHealth Group, 798 F.3d 125, 132 (2d Cir. 2015) (internal quotation marks omitted).

In light of the absence of any factual allegations with respect to Marchell and the Court's dismissal of the first cause of action, it is not necessary for the Court to determine whether Marchell is an appropriate defendant in an ERISA recovery of benefits action based on his position as Plan treasurer.  (See generally Compl.; Am. Compl.)  Plaintiff has not proffered any specific allegations regarding Marchell and certainly has not alleged that Marchell is the Plan's "administrator" or trustee, or that he otherwise possessed control or discretion with respect to the Plan's denial of benefits.  See UnitedHealth Group, 798 F.3d at 132; Staten Island Chiropractic Assoc., 2012 WL 832252, at *5-6.  Indeed, the Amended Complaint expressly asserts that JIBEI was the Plan administrator.  (See Am. Compl. ¶ 7) ("JIBEI was appointed by Local Union Number 3 to administer the employee welfare benefit plan. . . .")  Parenthetically, Plaintiff's argument that New York State law permits the filing of actions against treasurers of unincorporated associations has no discernable application to the

issue of whether Marchell may be named as a defendant in an ERISA suit.  (See Pl.'s Br. at 5.)

Plaintiff's second cause of action alleging a violation of COBRA's notice requirements is similarly devoid of any factual allegations regarding Marchell.  (Am. Compl. ¶¶ 30-31.)  In any event, the Amended Complaint specifically asserts that JIBEI is liable pursuant to 29 U.S.C. § 1132(c)(1)(A), which applies to plan administrators and does not set forth any express basis for individual liability.  See also Gill, 2015 WL 1254774, at *4 ("While statutory damages are available for failure to comply with COBRA's notice provisions, they are available only against the actual plan administrator . . . Thus to successfully plead a COBRA claim, a plaintiff must name the plan administrator as a defendant.") (internal citations omitted).

Accordingly, the branch of Defendants' motion seeking the dismissal of Marchell from this action is GRANTED and the Amended Complaint is DISMISSED WITH PREJUDICE against Marchell. While, as previously noted, the Court's general practice is to grant leave to amend the complaint when grating a motion to dismiss, "the district court has the discretion to deny leave to amend where there is no indication from a liberal reading of the complaint that a valid claim might be stated."  Hayden, 180 F.3d at 53; Perri v. Bloomberg, No. 11-CV-2646, 2012 WL 3307013, at *4 (E.D.N.Y. Aug. 13, 2012).  The Court finds that leave to replead

with respect to Marchell would be futile in light of the absence of any factual allegations regarding Marchell in both the Complaint and the Amended Complaint.

## IV. Attorney's Fees

Plaintiff's third cause of action seeks an award of attorney's fees pursuant to Section 1132(g). (Am. Compl. ¶ 33.) 29 U.S.C. § 1132(g)(1) provides, in relevant part, that "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fees and costs of action to either party." Defendants' motion is silent with respect to the third cause of action. (See generally Defs.' Br.) However, Plaintiff's third claim continues to remain viable based on the Court's denial of Defendants' motion to dismiss the second cause of action. Accordingly, to the extent that Defendants' motion requests the dismissal of the third cause of action, the Court DENIES that branch of Defendants' motion.

CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED IN PART and DENIED IN PART. The Amended Complaint's first cause of action is DISMISSED WITHOUT PREJUDICE against defendant Joint Industry Board of the Electrical Industry and with leave to replead. If Plaintiff wishes to replead this claim, she must do so within thirty (30) days of the date of this Memorandum and Order. The Amended Complaint is DISMISSED WITH PREJUDICE against

defendant John E. Marchell, as Treasurer of the Joint Industry Board of the Electrical Industry.  Plaintiff's remaining claims are her second cause of action for violation of COBRA's notice requirements and her third cause of action for attorney's fees.

The Clerk of the Court is directed to TERMINATE Marchell as a party to this action.  The Clerk of the Court also is directed to file the Amended Complaint (Pl.'s Decl., Ex. C., Docket Entry 6-4) on the docket as a separate entry.

SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    December __30__, 2015
          Central Islip, New York